**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE L. ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 20 C 02226 |
| FRATERNAL ORDER OF POLICE , | ) | |
| CHICAGO LODGE NO. 7, *et al.*, | ) | JUDGE JOHN J. THARP, Jr. |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, FRATERNAL ORDER OF POLICE,
CHICAGO LODGE NO. 7'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SANCTIONS**

On April 10, 2020, the City of Chicago removed this case from the Circuit Court of Cook County. Six days later, on April 16, 2020, the Plaintiff filed his Second Amended Complaint in this matter. The Complaint pleads 11 counts. Only one of those counts, Count XI, alleges any claims against the Fraternal Order of Police, Lodge No. 7 ("FOP"). In particular, the Plaintiff attempts to plead a civil conspiracy between the Defendants City of Chicago and the FOP. The claim against the FOP is so devoid of merit in law and in fact that the FOP is compelled to seek sanctions against Plaintiff's counsel. This is the third case in this District in which Plaintiff's counsel has pursued similar frivolous claims (*see Bell v. Weis et al.,* Case No. 14 C 6627, affirmed on appeal *Bell v. City of Chicago*, 694 Fed.Appx. 408 (7th Cir) (attached hereto) and *Driver v. Waseleski et al.* Case No. 15 C 4041). Sanctions appear to be the only remedy that can compensate the FOP for the expense it has incurred in responding to the third reiteration of the same baseless claim.

## STATEMENT OF FACTS

Plaintiff's Second Amended Complaint alleges various claims for damages under Section 1983 when Defendant Police Officers Miznik and Albright allegedly improperly conducted an inventory search of the Plaintiff's vehicle which showed an alleged presence of a controlled substance in a gum container. Moreover, Plaintiff makes the allegation that the Collective Bargaining Agreement (CBA) between the Fraternal Order of Police and the City of Chicago somehow formed the basis for allowing the Police Officers to engage in this alleged wrongful conduct. In particular, Count XI alleges a civil conspiracy against the City of Chicago and the FOP.

Specifically, Count XI, Paragraph 39, alleges as follows:

Prior to February 24, 2019, the City of Chicago and the FOP conspired to grant members of the FOP rights over and above the rights enjoyed by other citizens of Chicago, including the Plaintiff, in violation of the Plaintiff's right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution, in violation of the Plaintiff's rights to equal protection guaranteed by Article 1, Section 2 of the Illinois Constitution, and in violation of the Plaintiff's rights to be protected from special legislation granted by Article 4, Section 13 of the Illinois Constitution.

As stated above, Plaintiff's counsel has alleged a similar conspiracy between the FOP and the City in two other cases. In *Bell v. Wies et al*, Case No. 14 C 6627, Count VII, of the Second Amended Complaint Paragraph 37, alleged the following:

Prior to November 4, 2010, Jody Peter Weis *qua* of the Chicago Police Department, the City of Chicago and the Fraternal Order of Police, Chicago Lodge No. 7, conspired to grant members of the Fraternal Order of Police, Chicago Lodge No. 7, rights over and above the rights enjoyed by other citizens of Chicago, including the Plaintiff, in violation of their right to equal protection guaranteed by the 14th Amendment of the U.S. Constitution.

Also, in *Driver v. Waseleski*, Case No. 15 C 4041, the Plaintiffs alleged in Count V, paragraph 34, a similar conspiracy between the City and the FOP:

> Prior to April 2013, Gary McCarthy *qua*, the Chicago Police Department, the City of Chicago and the Fraternal Order of Police, Chicago Lodge No. 7, conspired to grant members of the Fraternal Order of Police, Chicago Lodge No. 7, rights over and above the rights enjoyed by other citizens of Chicago, including the Plaintiff, in violation of their right to equal protection guaranteed by the 14th Amendment of the Constitution.

The Courts dismissed both the *Bell* and *Driver* cases. In *Bell,* the District Court dismissed the case and granted the FOP's motion for sanctions. Case No. 14 C 6627 (FOP's motion for sanctions Docket #s 59-61, and Order dismissing case Docket #79). The Plaintiff appealed that case to the Seventh Circuit and that court affirmed the District Court's decision. *Bell v. City of Chicago*, 694 Fed.Appx. 408 (7th Cir. 2017) (attached hereto). Similarly, in *Driver*, the Plaintiff's attorney moved to dismiss the FOP, after the FOP served Plaintiff's attorney with a motion for sanctions. Case No. 15 C 4041 (FOP's motion to extend time to dismiss complaint pending service of motion for sanctions Docket #14, Drivers motion to dismiss Docket #23 and court's order dismissing case Docket #25).

## ARGUMENT

Plaintiff is attempting to convert the existence of a Collective Bargaining Agreement ("CBA") between the FOP and the City governing the terms and conditions of employment for Police Officers below the rank of Sergeant into a civil conspiracy to deprive residents of the City of Chicago of their constitutional rights. He has brought this same claim twice before, and twice before the claim has been dismissed. See *Bell v. Wies et al*, Case No. 14 C 6627, and *Driver v.Waselseki,* Case No. 15 C 4041. Plaintiff's attorney admitted the claims were without basis in

oral argument to the Seventh Circuit in *Bell v. City of Chicago,* 694 Fed.Appx. 408 (7th Cir 2017). While the precise legal contours of Plaintiff's challenge to the CBA are unclear, the fact that it is frivolous is not. Plaintiff's counsel should be sanctioned pursuant to *Rule 11(c) of the Federal Rules of Civil Procedure* and/or pursuant to *28 U.S.C. §1927* for filing such a baseless claim.

    A.    **Standard of Review Under Rule 11 and Section 1927.**

Under Rule 11(b)(2), by signing a pleading an attorney certifies, *inter alia*, that the "claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law[.]" *Fed. R. Civ. P., R. 11(b)(2)*. Rule 11(c) gives the courts the discretion to "impose an appropriate sanction on any attorney, law firm, or party that violated the Rule or is responsible for the violation." *Fed. R. Civ. P., R. 11(c)(2)*. Because Plaintiff is a represented party, he should not be individually sanctioned; only his attorney may be sanctioned. *Fed. R. Civ. P., R. 11(c)(5)(a)*.

"Rule 11 sanctions aim primarily to deter future rule violations, and the scope of such sanctions must therefore be limited to what is necessary to deter sanctionable conduct (Rule 11(c)(4))." *Philos Techs., Inc. v. Philos & D, Inc., 15 F. Supp. 3d 833, 837 (N.D. Ill. 2014)*. However, "'[c]ompensation and deterrence are not only not mutually exclusive, they are sometimes compatible,' and a district court may therefore impose sanctions by ordering a rule violator to make good its opponent for the harm caused by its violation." *Id*. (quoting *Brandt v. Schal Assocs., Inc., 960 F. 2d 640, 646 (7th Cir. 1992),* and citing *Divane v. Krull Elect. Co., 319 F.3d 307, 314 (7th Cir. 2003)*). As the Seventh Circuit explained, Rule 11 "establishes a new

form of negligence, where one owes a duty to one's adversary to avoid needless legal costs and delay." *Divane, 319 F.3d at 315* (citation and internal quotations omitted).

"Under Rule 11, the District Court may impose sanctions if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Cuna Mutual Ins. Society v. Office and Professional Employees International Union, Local 39, 443 F.3d 556, 560 (7th Cir. 2006)*(internal quotations and citation omitted). On a Rule 11 motion, "the court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* (Internal quotations and citation omitted).

Section 1927 similarly gives the Court the authority to sanction "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof, who so multiplies the proceedings in any case unreasonably and vexatiously." *28 U.S.C. §1927*. To establish conduct warranting sanctions under Section 1927, a party must generally be shown to have objectively acted with bad faith. *Dal Pozzo v. Basic Machine Company, 463 F.3d 609, 614 (7th Cir. 2006)*(a showing of subjective bad faith is only required if a party engaged in conduct that was "objectively colorable"). "The standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify." *Id.* "[I]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.* Section 1927 also "impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable." *The Jolly Group v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006)*(citation omitted).

**B. Plaintiff's counsel should be sanctioned because Plaintiff's claim that the FOP has conspired to violate the Fourteenth Amendment is objectively groundless and/or recklessly indifferent to the law and Plaintiff's Counsel has admitted as much.**

The FOP will be filing a motion to dismiss as well as this Motion for Sanctions as Plaintiff cannot, as a matter of law, bring a conspiracy claim for violation of the Equal Protection Clause against the FOP based solely on the CBA with the City. Plaintiff's attorney has already admitted to the Seventh Circuit Court of Appeals that his claim is baseless. *Bell v City of Chicago*, 694 Fed. Appx. 408 (7th Cir. 2017) (copy attached hereto). In the *Bell* case, attorney Redmond filed a claim against FOP alleging a conspiracy between the City and the FOP based on the CBA. *Id.* at 410. The CBA, Redmond alleged, granted FOP member "rights over and above the rights enjoyed by other citizens in Chicago." *Id*. at 401. The FOP moved for sanctions against Redmond and to dismiss the complaint. *Id* at 410. The District Court dismissed the case because the statute of limitations had expired and it also granted the FOP's motion for sanctions. *Id.* at 410. The District Court "admonished" Redmond and noted that the claim was "so far from the mainstream of equal protection analysis that it cannot be fairly described as a nonfrivolous argument." *Id.* at 410-411.

At oral argument before the Seventh Circuit, Attorney Redmond admitted that there was no support for his ""augmentation of rights" claim against the FOP in any of the 50 states or in any circuit court." *Id.* at 411. Redmond also admitted he knew his claim did not fit within any equal protection jurisprudence. *Id. at 411.* Despite Redmond's admissions to the Seventh Circuit

in the *Bell* case, he brought the same exact claim in this matter. On this basis alone, attorney Redmond should be sanctioned and he should dismiss Count XI of the Complaint.

As has been already litigated in the *Bell* and *Driver* cases, the first problem with Plaintiff's Fourteenth Amendment claim in Count V is that the Lodge is a private association. Private entities "are not state actors" and can only face constitutional liability where they are "a willful participant in joint action with the State or its agents[.]" *Gramenos v. Jewel Companies, 797 F.2d 432, 435 (7th Cir. 1986)*. Thus, to attach liability to a private party, a plaintiff must establish "an agreement on a joint course of action in which the private party and the state have a common goal." *Id.* "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer, 776 F.3d 500, 510 (7th Cir. 2015)* (citation omitted). Such conspiracies must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. *Borseloino v. Goldman Sachs Group, Inc., 477 F.3d 502, 509 (7th Cir. 2007)*.

Generally, "[t]o state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that she: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent." *McPhaul v. Bd. of Comm'rs, 226 F.3d 558, 564 (7th Cir. 2000)*.

Plaintiff's claim is objectively groundless because Plaintiff has not plead an overt, tortious or unlawful act in furtherance of the conspiracy. Plaintiff alleges only that it was "[t]he

signing of the contract between the City of Chicago and the Fraternal Order of Police, Chicago Lodge Number 7. . . [which] constituted the act in furtherance of that conspiracy, thereby granting rights to the members of the Fraternal Order of Police, Chicago Lodge Number 7, over and above those enjoyed by other citizens of the City of Chicago, including plaintiff." (Docket # 16, ¶ 39). Plaintiff's counsel should have recognized that his claim was defective on its face because the already admitted claim had no basis in the *Bell* matter and because the signing of a CBA is not a tortious or unlawful act. Indeed, he offers no new allegations in the current matter. Absent a tortious or unlawful act in furtherance of a conspiracy, Plaintiff has no claim against the FOP. *Beaman, 776 F.3d at 510; Adcock, 164 Ill.2d at 63*.

Plaintiff also has not alleged a deprivation of a constitutional right in Count XI beyond his conclusory claim that Defendants conspired to grant FOP members "rights over and above the rights enjoyed by other citizens of Chicago, including Plaintiff, in violation of their right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution." (Docket # 16, ¶ 33, 40). The FOP presumes that Plaintiff is not seeking to attach liability to it for the discrete actions of February 24, 2019. Rather, by alleging a conspiracy with the City, Plaintiff must be challenging some "policy or custom," consistent with *Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)*.

It appears that Plaintiff's concern is the fact that the CBA provides a 1) "Bill of Rights" provision for Police Officers being investigated for malfeasance, and 2) assurances for the indemnification of Police Officers under certain specified circumstances. It is undisputed that those articles appear in the CBA (and have appeared for many predecessor CBAs), but in this case the Plaintiffs does not attached that CBA to his pleading. Nevertheless, the inclusion of job

protection provisions in the CBA in no way deprives anyone else of rights protected by the Fourteenth Amendment.

The FOP fails to see how employment safeguards for Police Officers could be construed to be a policy or custom which deprives Plaintiff of the equal protection of any of the laws of the United States or Illinois. Moreover, Police Officers are not indemnified in civil actions to the extent they acted beyond the scope of their employment. *See, Robinson v. City of Harvey, 617 F.3d 915, 917 (7th Cir. 2010)* (finding an officer liable for attorneys' fees incurred relating to an appeal on issues of punitive damages). Negotiating for and providing employment safeguards to public employees does not, as a matter of fact, law and logic, cause injury to or otherwise deprive the general public of any rights. Plaintiff's claim against the Lodge for doing its job in this regard warrants sanctions.

Further, Plaintiff's claim is also sanctionably deficient because the "citizens of Chicago" are not a protected class[2] under the Fourteenth Amendment. *See, Upah v. Thornton Dev. Auth., 632 F. Supp. 1279, 1281 (D. Colo. 1986)* ("A class composed of nonresidents is not, however, within the protection of § 1985(3)"). Such a distinction is particularly inapt here, because all Chicago Police Officers are required to be citizens of Chicago.[3] To the extent Plaintiff is thinking of a different protected class (everyone who is not a Police Officer? – also not a protected class), it is unclear from his Complaint. Absent a protected class, there can be no Fourteenth Amendment violation and no conspiracy to engage in such violations.

---

[2] Plaintiff does not appear to be asserting a "class of one" claim here, nor could he reasonably do so.

[3] All Chicago Police Officers are required to reside within Chicago city limits. Chicago, IL, Municipal code Section 2-152-050.

Plaintiff also cannot establish that he is similarly situated to Police Officers. The rights of which Plaintiff appears to complain are extended to Police Officers by virtue of their employment by the City of Chicago. Plaintiff has not alleged that he is an employee of the City of Chicago. Plaintiff also has not, and cannot, identify any discriminatory intent relating to the indemnification and Bill of Rights' provisions of the CBA. In providing such work place protections, the CBA reasonably cannot be understood to have or manifest an intent to discriminate against any group or individual.

## CONCLUSION

For the foregoing reasons, Defendant, Fraternal Order of Police, Chicago Lodge No. 7, respectfully requests that this Court impose a sanction against Plaintiff's counsel pursuant to Rule 11 and/or Section 1927, equal to the expenses incurred by the FOP in preparing this Motion and its Motion to Dismiss Plaintiff's frivolous claim against the FOP, as stated in Count XI of his Second Amended Complaint.

Respectfully Submitted,

/s/ Laura M. Finnegan
One of the Attorneys for Defendant,
Fraternal Order of Police, Chicago Lodge No. 7

Laura M. Finnegan
Pasquale A. Fioretto
Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Office: (312) 236-4316
Facsimile: (312) 236-0241
Email: lmfinnegan@baumsigman.com
Email: pfioretto@baumsigman.com
Email: pryan@baumsigman.com
I:\FOP\Echols, Jr\Fed Ct\memo in supt. of sanctions.05-05-20.lmf.j.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on May 28, 2020, she electronically served the foregoing document, **Defendant, Fraternal Order of Police, Chicago Lodge No. 7's Memorandum in Support of Its Motion for Sanctions** on:

Lawrence Craig Redmond
Attorney at Law
11747 South Longwood Drive
Chicago, IL 60643
(773) 733-0830
Email: lredmond3@juno.com


/s/ Laura M. Finnegan
One of the Attorneys for Defendant,
Fraternal Order of Police, Chicago Lodge No. 7

Laura M. Finnegan
Pasquale A. Fioretto
Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Office: (312) 236-4316
Facsimile: (312) 236-0241
Email: lfinnegan@baumsigman.com
Email: pfioretto@baumsigman.com
Email: pryan@baumsigman.com
I:\FOP\Echols, Jr\Fed Ct\memo in supt. of sanctions.05-27-20.lmf.j.doc